ROBERT B. MCKEE *vs.* ROBERT MCCARDELL *et al.*        |21  363|
                                                       |s22  71|

PROVIDENCE—JUNE 28, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice.   Negligence.   Landlord and Tenant.*

In an action against the owner and the occupant of a building to recover
   damages for injuries received by falling into an unguarded elevator-well,
   it is sufficient if the declaration aver an invitation to the plaintiff by the
   defendants to enter the building; the duty of the defendants to take and
   use all proper means and precautions, in the use of the elevator on the
   premises, to prevent persons lawfully there by invitation of the defend-
   ants from falling into the elevator-well; and a neglect of that duty.

TRESPASS ON THE CASE for negligence.   The action was
brought against the defendant McCardell, the owner of a
building, and the defendant Pearlstone, the tenant of a store
in said building, and averred that said owner erected for the
use of the occupants of said store a certain elevator and ele-
vator-well from the cellar of the building to the floor of the
store, for the purpose of lifting and carrying goods into the
store; that the elevator-well was without guards around
it and was dangerous to persons walking in the cellar-way;
that the plaintiff entered the store, at the invitation of the
defendants, to fix the water-pipes, and walked into the ele-
vator well and was injured; and that it was the duty of the
defendants to use all due reasonable and proper means, in the
use of the elevator, to prevent persons from falling into the
well, by providing suitable guards or barriers around the
same.

The defendant McCardell demurred on the grounds that
the declaration did not set out any duty on his part to the
plaintiff; that the declaration alleged that the elevator-well
was erected by him for the use of the occupants of the store
as a freight elevator and not for any other purpose; that the
declaration did not show that the plaintiff was necessarily or
lawfully in the place where the well was situated, for the pur-
pose of fixing the water-pipes; or that it was necessary for

the plaintiff to use the elevator or well while upon the premises.   Heard on demurrer.   Demurrer overruled.

(1)   PER CURIAM.   The declaration alleges an invitation to the plaintiff by the defendants to enter the building ; the duty of the defendants to take and use all proper means and precautions in the use of the elevator on the premises, to prevent persons lawfully there by invitation of the defendants from falling into the elevator-well ; and a neglect of that duty. Our opinion is that it is sufficient.   *Beehler* v. *Daniels, Cornell & Co.,* 19 R. I. 49, 51 ;  *Henson* v. *Beckwith,* 20 R. I. 165.

Stephen J. Casey and Dennis J. Holland, for plaintiff.
J. W. Hogan and E. C. Pierce, for defendants.